IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EVANGALINE CANTON, et al. | ) | CV. NO. 13-00096 SOM-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFFS' MOTION TO |
| | ) | REMAND BE GRANTED |
| PRIME INSURANCE COMPANY, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO
REMAND BE GRANTED

Before the Court is Plaintiffs' Motion to Remand (Doc. # 7.) After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that Plaintiffs' motion be GRANTED.

BACKGROUND

This case arises from a jet ski accident on August 5, 2012, that resulted in the death of Kristen Fonseca. (Compl. ¶ 10, Doc. # 1, Ex. A.) Plaintiffs' complaint alleges that Ms. Fonseca and other members of her family rented jet skis from Aloha Jetski, LLC, and that Ms. Fonseca was hit by Tyson Dagley, another Aloha Jetski customer. Plaintiffs Evangaline Canton (individually

and on behalf of the Estate of Ms. Fonseca), Mario Canton, Monique Sanchez, and Kevin M. Fonseca, Jr. (collectively, "Plaintiffs") filed a wrongful death suit in state court against Dagley, Aloha Jetski, and Glenn Cohen, who is the owner of Aloha Jetski.  (Id. at ¶ 13.)

Plaintiffs subsequently filed this action in the State of Hawaii Circuit Court of the First Circuit against Prime Insurance Company ("Prime"), the insurer of the alleged tortfeasors, seeking declaratory judgment that Prime's insurance policy is invalid because it failed to comply with State of Hawaii Department of Land and Natural Resources ("DLNR") permitting regulations.  (Doc. # 1, Ex. A.)  Plaintiffs allege that Prime's policy violated DLNR regulations requiring: 1) liability coverage of not less than $500,000 for personal injury when operating in an ocean recreation management area; 2) an insurance policy that covers all damages arising from the acts of the permittee and its employees; and 3) an insurance policy issued by an insurer authorized to do business in Hawaii.  (Compl. ¶¶ 18, 21, 22, 23, 33-35); Hawaii Administrative Rules ("HAR") §§ 13-256-9; 13-231-65(4); 13-231-65(1).  Plaintiffs also claim that the policy was negligently issued by Defendant Bruce Woods and that Defendant ORM, Inc. is vicariously liable for Bruce Woods' negligence.  (Compl. at 15-16.)  Prime removed the declaratory judgment action to this Court, and Plaintiffs subsequently filed their

2

motion to remand, asserting that the Court should decline to exercise jurisdiction under Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942).

DISCUSSION

Although 28 U.S.C. § 2201(a) provides district courts with the authority to hear declaratory judgment actions, the district court has the discretion to decline jurisdiction under the factors announced in Brillhart. Brillhart requires the Court to consider: (1) avoidance of needless determination of state law issues; (2) discouragement of filing a declaratory judgment action as a means of forum shopping; and (3) avoidance of duplicative litigation. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998). The Court may also consider "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." Id. at n.5. "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" American States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994) (quoting Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir.1991)). There is no presumption in favor of

abstention in declaratory actions generally; however, if "there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Dizol, 133 F.3d at 1225.  Based on the factors above, the Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand be GRANTED, because this case involves a needless determination of state law.

A "needless determination of state law" may involve "an ongoing parallel state proceeding regarding the 'precise state law issue,' an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)." Keown v. Tudor Ins. Co., 621 F. Supp.2d 1025, 1031 (D. Haw. 2008) (quoting Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371-72 (9th Cir. 1991)).  "The concern in this factor is with unsettled issues of state law, not fact-finding in the specific case." Allstate Ins. Co. v. Davis, 430 F. Supp.2d 1112, 1120 (D. Haw. 2006) (quoting National Chiropractic Mutual Insurance Co. v. Doe, 23 F. Supp.2d 1109, 1118 (D. Alaska 1998)).  "When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an 'uncertain' and 'ephemeral' interpretation of state law.'" Id. (quoting Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992)).

This case does not involve a parallel state court proceeding involving the same factual and legal issues.  Although the state court action stems from the same underlying transaction, this action asks the Court to declare various aspects of Prime's policy invalid.  This would not require the Court to make overlapping factual or legal determinations with the state court in the wrongful death action.

The remaining two factors regarding the needless determination of state law weigh strongly in favor of remand.  Insurance law is an area of law expressly reserved to the States.  <u>Continental Cas. Co.</u>, 947 F.2d at 1371, <u>overruled on other grounds</u>, <u>Dizol</u>, 133 F.3d at 1227.  This case involves significant questions of state insurance law that have not been answered by Hawaii Courts.  Specifically, Hawaii Courts have not determined how the DLNR permitting regulations impact the validity of a non-conforming insurance policy or the remedy for violating those regulations.  Exercising jurisdiction over these significant undecided state law issues would require the Court to "elbow its way" into rendering an uncertain interpretation of state law.

Prime argues that Hawaii Courts do not have a substantial interest in this case, because a choice of law provision in the insurance policy requires the application of Utah law, and surplus lines insurers are allowed to use choice of law provisions.  (Doc. # 14 at 18.)  Plaintiffs argue that Hawaii law applies, because

5

Prime was required to be an authorized insurer under the DLNR regulations, and it is inequitable to allow Prime to benefit from its choice of law provision.  (Doc. # 15 at 10.)  At this early stage of the proceedings, it is unclear whether Utah law applies to this action.  Furthermore, even if Utah insurance law applies, the action would still involve the application of DLNR regulations to the insurance policy, which makes Hawaii courts more suitable than federal court to resolve this dispute.

Although Prime asserts threshold defenses, it is unclear whether Prime can avoid the merits at this stage of the proceedings.  Prime argues that this is an impermissible direct action between an injured person and an insurance company.  (Doc. # 14 at 13); See Olokele Sugar Co. v. McCabe, Hamilton & Renny Co., 487 P.2d 769, 770 (Haw. 1971) ("It is generally held that, in the absence of a contractual or statutory provision authorizing a direct action against or the joinder of a liability insurer, an injured person, for the lack of privity between himself and the insurer, has no right of action at law against the insurer and cannot join the insured and the liability insurer as parties defendant.").  However, Olokele does not apply because this is a declaratory judgment action rather than a direct tort action. See Allstate Ins. Co. v. Davis, 430 F. Supp.2d 1112, 1121 (D. Haw. 2006) ("Hawaii law disfavors the joinder of an insurer in a third-party tort action absent some contractual or statutory provision.") (emphasis added) (citing Olokele, 487

6

P.2d at 770).

Although the remaining factors are neutral,[1] the needless determination of state law without any compelling federal interest at stake is the overriding concern in this case. Courts in this district have remanded cases solely on the basis of the "needless determination of state law" factor, and the Court concludes that remand is appropriate in light of the overwhelming showing on this factor. See R.R. Street & Co. Inc. v. Transport Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) ("In prior cases, we have recognized that needless determination of state law issues alone may support remand."); Keown, 621 F. Supp.2d at 1032 (holding that "the concern for needless determination of state law issues, on its own, provides just reason for the court to decline jurisdiction over this action").

Moreover, federal subject matter jurisdiction exists in this case solely because of diversity jurisdiction. When, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." Keown, 621 F. Supp.2d at 1038

---

[1] The remaining Brillhart factors are neutral or do not weigh strongly in favor of retaining jurisdiction. Prime did not file this action "reactively" to forum shop or for some other improper purpose. Stewart Title Co. v. Investors Funding Corp., Civ. No. 09-00455 SOM-KSC, 2010 WL 1904981, at *6 (D. Haw. May 11, 2010) (quoting Am. Casualty Co. Of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1119 (9th Cir.1999)). This action will not involve duplicative litigation or excessive entanglement with the state court, because the state court wrongful death action involves entirely different legal issues. The declaratory judgment action will not settle all aspects of the controversy, which weighs slightly in favor of remand. Finally, although the declaratory judgment action will clarify the legal relationship between the parties by resolving whether Prime's insurance policy is valid, this determination can be made in state court upon remand.

(quoting <u>Continental Cas. Co.</u>, 947 F.2d at 1371).  This case involves a needless determination of state law without a significant federal interest, and the Court therefore remands the case to state court.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' motion to remand be GRANTED.

DATED:  Honolulu, Hawaii, June 27, 2013.

IT IS SO FOUND AND RECOMMENDED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Canton v. Prime Insurance Co.</u>, Civ. No. 13-00096 SOM-BMK, FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO REMAND BE GRANTED